**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOSHUA BURKE, individually and on behalf of all others similarly situated,** § § § | **Docket No.** |
| **Plaintiff,** § § | **Jury Trial Demanded** |
| **vs.** § § | **Collective Action** |
| **UTILITY CONCIERGE, LLC** § § § | |
| **Defendant.** § § | |

**ORIGINAL COMPLAINT**

**SUMMARY**

1. Plaintiff Joshua Burke (Burke) worked for Defendant Utility Concierge, LLC (Utility) as a concierge.

2. Burke and other similarly situated concierges were paid a salary with no overtime compensation when working more than 40 hours a week.

3. Utility's pay practices violate the Fair Labor Standards Act (FLSA).

4. Burke brings this lawsuit to recover the unpaid overtime and other damages Utility owes to him and to the other concierges like him.

**JURISDICTION & VENUE**

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division. Burke is a resident of Farmers Branch, Texas and performed work-related tasks for Utility in this District.

## PARTIES

8.      Burke was employed by Utility as a concierge from March of 2015 until January of 2016.

9.      He regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

10.     Burke brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Burke and is properly defined as:

> **All salaried Concierges employed by Utility Concierge, LLC during the past 3 years (the "Putative Class Members").**

The members of the FLSA Class are easily ascertainable from Utility's business and personnel records.

11.     Defendant **Utility Concierge, LLC** is a Texas company doing business throughout the United States, including Texas.

12.     Utility is covered by the FLSA and has been during the applicable statute of limitations. Utility is therefore obligated to pay its non-exempt employees overtime under the FLSA.

13.     Utility may be served through its registered agent: **Kevin G. Abshire, 2418 Abuckle, Dallas, Texas 75229**.

## COVERAGE UNDER THE FLSA

14.     At all relevant times, Utility was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

15.     At all relevant times, Utility was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

16. At all relevant times, Utility was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones and computers - that have been moved in or produced for commerce.

17. At all relevant times, Utility has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

18. At all times hereinafter mentioned, Burke and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTUAL ALLEGATIONS**

19. Utility sets up and bundles public utilities and services for residences across the United States, including Texas.

20. To provide these services, it employs concierges.

21. Burke was a concierge.

22. Burke would bundle home owners' services and utilities when they moved into a new residence.

23. Utility's concierges perform routine activities which are largely governed by standardized plans and checklists created by Utility.

24. Every element of a concierge's job was predetermined by Utility, including the schedule of the concierge's work and related work duties.

25. No advanced degree is required to become a concierge for Utility. In fact, Utility regularly hires concierges who only have a high-school diploma.

26. Being a concierge is not work requiring specialized academic training as a standard prerequisite.

27. To the extent concierges make "decisions," the decisions do not require the exercise of independent discretion and judgment.

28. Instead, concierges apply well-established procedures.

29. If concierges set up or bundle home utilities and services, they do so using established guidelines and predetermined partners.

30. Concierges are not permitted to deviate from established guidelines and partners.

31. Concierges attended mandatory meetings and workshops which outlined their duties.

32. With these job duties, concierges are clearly **non-exempt** under the FLSA.

33. All of Utility's concierges work long hours in excess of 40 hours a week.

34. Concierges were required to regularly work 10 hours in a day, and more than 60 hours in a week.

35. The mandatory meetings and workshops extended these hours.

36. Concierges were also required to attend happy hours to solicit business and serve food and drinks.

37. Utility does not pay its concierges overtime for hours worked in excess of 40 in a workweek.

38. Instead, Utility pays concierges base salary.

39. Burke and the Putative Class Members worked for Utility as concierges over the past three years throughout the United States, including Texas.

40. As a result of Utility's pay policies, Burke and the Putative Class Members were denied the overtime pay required by federal law.

41. Utility keeps accurate records of the hours, or at least days, its concierges work.

42. It also keeps accurate records of the amount of pay concierges receive.

43. Despite knowing the FLSA's requirements and that its concierges regularly worked more than 40 hours in a workweek, Utility does not pay them overtime.

### COLLECTIVE ACTION ALLEGATIONS

44. Burke incorporates all previous paragraphs and alleges that the illegal pay practices Utility imposed on Burke were likewise imposed on the Putative Class Members.

45. In addition to Burke, Utility employed other concierges who worked over forty hours per week with no overtime pay, were paid a salary, and were classified – improperly – as exempt employees. These Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

46. The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Burke and the Putative Class Members are similarly situated in all relevant respects.

47. Utility imposed a uniform practice or policy on Burke and the Class Members regardless of any individualized factors.

48. Utility's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

49. Burke's experiences are typical of the experiences of all Putative Class Members.

50. Burke has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Burke has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

51. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.


52. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION
### Violation of the FLSA

53. Burke incorporates the preceding paragraphs by reference.

54. As set forth herein, Utility violated the FLSA by failing to pay Burke and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

55. At all relevant times, Utility has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

56. Utility employed Burke and each Putative Class Member.

57. Utility's pay policy denied Burke and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

58. Utility owes Burke and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

59. Utility knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Burke and the Putative Class Members is willful.

60. Due to Utility's FLSA violation, Burke and the Putative Class Members are entitled to recover from Utility their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

61. The improper pay practices at issue were part of a continuing course of conduct, entitling Burke and Putative Class Members to recover for all such violations, regardless of the date they occurred.

**JURY DEMAND**

62. Burke demands a trial by jury.

**PRAYER**

WHEREFORE, Burke prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding Utility liable for violation of state and federal wage laws with respect to Burke and all Putative Class Members covered by this case;

c. A judgment against Utility awarding Burke and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    mjosephson@mybackwages.com
    **Andrew W. Dunlap**
    State Bar No. 24078444
    adunlap@mybackwages.com
    **Richard M. Schreiber**
    State Bar No. 24056278
    rschreiber@mybackwages.com
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

                **Richard J. (Rex) Burch**
                Texas Bar No. 24001807
                **BRUCKNER BURCH, PLLC**
                8 Greenway Plaza, Suite 1500
                Houston, Texas 77046
                713-877-8788 – Telephone
                713-877-8065 – Facsimile
                rburch@brucknerburch.com

            **ATTORNEYS IN CHARGE FOR PLAINTIFF**